USDC- BALTIMORE
'25 JUL 7 PM3:12

## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

In the spring of 2024, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") began an investigation into firearms trafficking activity in and around Baltimore City, Maryland. Through their investigation, law enforcement learned that Cedrick Brinkley and codefendant Steven Lee conspired to sell firearms to an individual they knew, or had reason to know, was committing a felony by using or possessing the firearms. As part of the investigation, an ATF undercover investigator ("the UC") met multiple times with Brinkley to conduct controlled purchases of firearms, at least some of which were supplied by Lee.

On April 3, 2024, Brinkley agreed to meet with the UC and a second individual, who was actually a confidential informant ("the CI"), to sell firearms. On that date, Brinkley met with the CI and the UC inside of a building at a pre-determined location, removed four firearms from a black satchel, and placed the firearms on a table. The UC explained to Brinkley their "business" of selling firearms. The UC advised that they could only buy firearms on days in which a truck was available to take them up north. Brinkley explained to the UC that he was a felon and could get fifteen years if caught with firearms. The UC paid Brinkley $4,500 for the four firearms plus fifty rounds of various calibers of ammunition.

On April 17, 2024, Brinkley arranged for another firearms sale to the UC. He met the CI and UC at a pre-determined meeting location. During this transaction, Lee was seated in the passenger seat of Brinkley's vehicle when they arrived at the transaction location. Once inside, Brinkley removed five 9mm pistols from a backpack, placed them on a table, and received $6,100 from the UC in exchange for the five firearms. The UC explained his business of reselling the firearms to an individual in New Jersey. After the transaction, surveillance observed Brinkley drive to a public parking lot, at which time Lee was observed exiting the vehicle and entering a Honda Accord with an Arkansas dealer plate.

On April 24, 2024, Brinkley agreed to another firearms sale but advised the UC that the price would be higher this time because, among other reasons, one of the firearms had a "button" on it. Investigators know that a "button" is slang for a Glock switch machine gun conversion device, which converts a semi-automatic firearm to a fully automatic firearm. Prior to this transaction, surveillance observed Brinkley again meet Lee at a public parking lot. Brinkley exited his vehicle empty-handed, retrieved a black bag from Lee's vehicle, re-entered his vehicle, and drove to the agreed upon meeting location. He brought the same black bag to the meeting and removed five firearms from that bag. When the UC asked Brinkley about pricing, Brinkley placed a Facetime call to his supplier – "Speedy," which is the nickname for Lee. During the call, which was on speaker phone, Lee described several of the firearms in detail to the UC, including the "FN" firearm and the Glock with the "button" on it, despite Lee not being physically present for

10

the transaction. Lee advised the UC that he would not charge as much in future purchases. The UC reiterated that these transactions were "all about the money" because they were further distributing the firearms as a business. The UC paid $7800 for the five firearms, which consisted of a Glock 43x 9mm pistol that was stolen from Georgia, a Glock 45 9mm pistol with a Glock switch affixed to it (converting it to a machine gun), a Kahr Arms TP45 .45 caliber pistol, an F.N. .57 caliber pistol, and an HS Produkt .357 caliber pistol. After the transaction, Brinkley drove back to the public parking lot and met again with Lee.

Between these three transactions, Brinkley sold the UC fifty rounds of ammunition and fourteen firearms, four of which were reported stolen and one of which was a converted machine gun. These transactions were audio and video recorded.

On May 3, 2024, Brinkley went to a gun shop in Essex, Maryland and purchased fifty rounds of Fiocchi semi-jacketed hollow point .32 caliber ammunition. Investigators obtained surveillance footage depicting Brinkley in the store and a receipt confirming his transaction.

All of the above-described firearms and ammunition were examined found to be firearms and ammunition as defined in 18 U.S.C. § 921. The firearms and ammunition were reviewed by an ATF nexus expert and were deemed to have affected interstate commerce. Also prior to the above-described conduct, Brinkley had been convicted of a crime punishable by more than one-year imprisonment, his civil rights had not been restored, and he knew that he had previously been convicted of a crime punishable by more than one year in prison.

On July 2, 2024, a search warrant was executed at Brinkley's residence in Windsor Mill, Maryland, during which investigators recovered a Glock 43x 9mm pistol bearing serial number CAVW679 and $19,900 in U.S. currency in a safe along with Brinkley's identification documents. Investigators also recovered a KE Arms KE-9 9mm rifle bearing serial number KA01730 from a pile of Brinkley's clothes in a closet. Brinkley agrees that the U.S. currency seized from the residence on July 2, 2024, constitutes money, property, and/or assets derived from or obtained by him as a result of, or used to facilitate the commission of, his firearms trafficking activities, or substitute assets.

All of the above-described events took place in the District of Maryland.

SO STIPULATED:

_James O'Donohue /KYH_ (KYH for J.O.)
James O'Donohue
Assistant United States Attorney

_Cedrick Brinkley_ (CB)
Cedrick Brinkley
Defendant

_Tony Garcia_ (T. Garcia)
Tony Garcia, Esq.
Counsel for the Defendant

11